Cornetta, Robert A., J.
The respondent in this matter seeks dismissal of the Commonwealth’s petition brought pursuant to G.L.Ch. 123A, the so called sexually dangerous person statute.
By way of oral argument and submission before the Court on March 11, 2005, said respondent seeks to assign a series of constitutional infirmities to the statute in challenging its constitutionality. After considering the parties’ oral arguments at hearing and a review of their submissions to the Court, the respondent’s motion is denied. Rulings are entered as follows:
1. The general framework of the statute (G.L. 123A) seeks to have a determination made in a civil proceeding about a person’s propensity to commit certain sexual offenses as enumerated, after procedural due process requirements are met including the right to trial by juiy. The statute has been tested in prior proceedings and has been found to meet constitutional requirements.
2. The statute is to be differentiated between the punishment of underlying criminal acts versus postconviction civil proceedings aimed at arriving at a treatment setting if, and only if, the Commonwealth meets its burden of proof in the subsequent civil commitment proceeding.
3. Any suggestion of unconstitutionally based upon a comparison between G.L.Ch. 123 (mental health proceedings) and G.L.Ch. 123A, is not found since the legislature has established a comprehensive scheme of due process safeguards taking into consideration the potential different outcome of the proceedings, the nature of the alleged underlying condition of the different respondents and its prerogative in establishing laws to address such societal issues, provided due process safeguards are built into the statutory scheme.
4. Any claim of the unconstitutionality based upon an exercise of prosecutorial discretion in such matters also must fail based upon the right of the executive to determine when and where it will exercise its right to prosecute such cases consistent with applicable statutory and case law requirements.
5. Finally, any claimed disparity in treatment availability based upon the respondent’s having been sentenced to a particular corrections facility (state versus county) lacks two indispensable parties in the personages of either the Commissioner of Correction and/or the county’s sheriff. Upon a defendant being sentenced by the court criminally, the responsibility for the defendant then shifts from that of the judiciary to the executive for purposes of incarceration, sanction and rehabilitation. How the executive discharges that function is not before this Court in a typical G.L.Ch. 123A proceeding.
*318 Based upon the foregoing, the defendant’s motion to dismiss is denied and this matter shall now proceed to trial.